# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 16, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CARL J. COLOPIETRO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-249V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Influenza ("Flu") Vaccination; |
| | * | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Matthew Belanger, Faraci Lange LLP, Washington, DC, for petitioner.
Kathryn Robinette, United States Department of Justice, Washington, DC for respondent.

### DECISION[1]

On February 21, 2017, Carl J. Colopietro ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleges that he developed Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination received on October 1, 2015.  The case was originally assigned to the Special Processing Unit.  After respondent filed his Rule 4(c) report indicating that he was opposed to compensation, petitioner's claim was transferred to me on September 29, 2017.

On November 16, 2017, petitioner filed a motion for a decision dismissing his claim. Petitioner's Motion (ECF No. 21).  Petitioner provides that a further investigation of the facts and the science surrounding his case has demonstrated that he will be unable to establish causation with proof that meets the standard of Althen v. Secretary of Health & Human Services, 418 F.3d 1274 (Fed. Cir. 2005).  Id. at 1.  Under these circumstances, to proceed further would

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  Id.  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

be unreasonable and would waste the resources of the Court, respondent, and the Vaccine Program.  Id.  Petitioner understands that a decision by the special master dismissing his claim will result in a judgment against him and will end all of his rights in the Vaccine Program.  Id.  Petitioner understands that he may apply for costs once his case is dismissed and judgment is entered against him.  Id.  Petitioner understands that respondent expressly reserves the right, pursuant to 42 U.S.C. § 300aa-15(e), to question the good faith and reasonable basis of his claim and to oppose, if appropriate, his application for attorneys' fees and costs.  Id. at 1-2.  Respondent does not otherwise oppose the motion to dismiss petitioner's claim.  This matter is now ripe for review.

To receive compensation in the Program, petitioner must establish either (1) a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that a vaccine listed on the Table was the cause-in-fact of the vaccinee's injury.  See §§ 13(a)(1)(A) and 11(c)(1).  Under the Vaccine Act, the Program may not award compensation solely based on a petitioner's own claims.  Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician.  § 13(a)(1).

In the present case, petitioner does not claim and the records does not uncover any evidence that he has suffered a "Table Injury."  As respondent notes in the Rule 4(c) report, the current version of the Vaccine Injury Table which took effect on March 21, 2017, lists GBS with onset 5-42 days after the flu vaccine.

Petitioner filed his claim on February 21, 2017, before this revision to the Table took effect.  Thus, he is required to prove causation-in-fact with support from medical records or an expert opinion.  Petitioner's medical records suggest that onset occurred outside the recognized time frame, at least 60 days after the flu vaccine.  Additionally, he developed an upper respiratory infection after the vaccine, shortly before reporting the first symptoms of GBS.  His neurologist noted at several points that onset occurred two weeks after a viral illness.  For these and other reasons, the medical records do not seem to support a causal connection between the vaccine and petitioner's condition.  Neither has petitioner offered a medical opinion in support.

After respondent filed his Rule 4(c) report opposing compensation, the case was transferred from the Special Processing Unit to me on September 29, 2017.  I scheduled a status conference to discuss the claim and how to proceed.  Then at petitioner's counsel's request, I cancelled the status conference.  Petitioner has now filed a motion to dismiss his claim.  Thus, petitioner has concluded that he will not be able to prove a causal link between the flu vaccine and his condition.

Based on my review of the record, I agree that petitioner will be unable to prove that he is entitled to compensation in the Vaccine Program.  **Thus, this case is dismissed for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master
